STRONG'S CASE.

THE last term, Mr. Reeve and Mr. Tracy, moved — That a *mandamus* might issue against Jedidiah Strong, Esq. town clerk and register of deeds for the town of Litchfield, to record a certain deed of bargain and sale, given by Elijah Wadsworth to Alexander Catlin.— The facts stated, as the ground of the motion, were:— That said Wadsworth, being collector of state taxes, about the 15th day of May, 1785, sold, at public auction, to said Catlin, a tract of land, containing about forty acres, at the sum of £28:    That Catlin paid

Wadsworth the sum bid for the land, and received from him a legal deed thereof, which he lodged on file in said register's office, to be recorded according to law; and that more than one year had expired since said deed was lodged on file, but that said register had not recorded it, and absolutely refused to do it.— The party praying for the *mandamus*, appeared in court, and made oath to the truth of the facts stated in the motion; and the adverse party being served with notice, Mr. Adams this term, showed cause against the writ. He contended — That by the rules of the English law, a *mandamus* could not issue in this case: That it issues only in cases which relate to the public, and are of general concern:—As where a man is refused to be admitted, or wrongfully turned out of any office or franchise, that concerns the public, and no other remedy is provided by law, this writ lies:— But it extends not to an executive office, relative to a matter of mere private right. Nor does it extend to the redress of any injury to an individual, by an officer in the execution of his office; because the law hath provided ample means of redress in the ordinary course of justice: That a *mandamus* is an extraordinary remedy, applied to cases of a public nature, which cannot be reached by the ordinary process of law; and that it is not adapted to the relief of private injuries, which may happen between individuals, because it is dilatory and expensive: For, firstly, the motion must be made to the court, and the facts necessary to support it, stated.— Secondly, The adverse party must be served with notice, and time given to show cause, that he may have an opportunity to contend the propriety of the motion, and take advantage of the various matters applicable to that stage of the process. — Thirdly, The *mandamus* issues, and time is given for the

party to make his return.— Fourthly, The sufficiency of the
return is to be tried.— Fifthly, A peremptory *mandamus*
issues.—And lastly, in case of disobedience, an attachment
issues, for a contempt, which may also admit of a defense.—
And therefore, much more time is consumed than in ordinary
process, and the expense consequently greater; and it would
be detrimental to the public good, to admit this writ to be
used in case of a mere private wrong: — That all the Eng-
lish statutes, respecting a *mandamus*, clearly have reference
to matters in which the public is party.  The preamble to the
statute of the 2 Geo. I. is in these words: — " Whereas, in
many cities, boroughs, and towns corporate, within that part
of Great Britain called England, Wales, and Berwick-upon-
Tweed, the election of the mayor, bailiff or bailiffs, or other
chief officer or officers, is, by charter, or ancient usage, con-
fined to a particular day or time, without any provision how
to act or proceed, in case no election be then made; and it
frequently happens, that by such charter or usage, particular
acts are required to be done at certain times, in order to and
for the completing of such elections; and by the contrivance
and default of the person or persons, who ought to hold the
court, or preside in the assembly, where such elections are
to be made, or such acts to be done, that no courts or as-
semblies have been held, or elections made, or such acts done,
within the times fixed for that purpose, etc.   To remedy
which mischief," etc.— That this statute is fully descriptive
of the object of a *mandamus*, and of the occasions on which
it is to be used:   That it is a writ supposed to be founded on
necessity, and issuable only where no other remedy is pro-

vided. 3 Bac. Abrid. 536. But that the present case is not of that description.—A *mandamus* is here moved for, against an officer merely executive, and relative to a matter of mere private right. The object is to obtain a specific performance on the part of the register; but the court cannot compel it. A peremptory *mandamus* may be disregarded, and the process for contempt, can produce nothing more than a sum of money. The same thing would be the result of a private suit by the individual injured.— That, therefore, there could be no greater necessity for such a writ in this case, than in case of a sheriff who should refuse to serve a writ, committed to him for that purpose.

He contended.— That if the present case came within the English rules of practice, respecting writs of *mandamus*, still it was not sustainable by the laws of this state. The court could exercise no such authority as was moved, unless derived from positive law, or immemorial usage: That no such law had passed in this state, nor any such usage obtained: That if the party complaining is not satisfied with pursuing his remedy by ordinary process of law, his only resort is to the legislature; for there is expressly reserved the power of " calling every officer whatever, to an account, for any misdemeanor, or maladministration; and for just cause, to fine, displace, remove him, or deal otherwise, as the nature of the case shall require." (See Stat. 27-28.) The powers here defined, as appertaining to the legislature, are not granted to any subordinate jursidiction in the state; and that 'there can be no occasion for any court to exercise them, when application may so easily be made to the legislature itself.

Mr. Reeve and Mr. Tracy, on the other side, contended — That the first instance of a *mandamus* to be found in the

books, was Bagg's case, 11 Coke, 93; and the first statute recognizing the practice, was 9 Anne, cap. 20 which regulates the mode of proceeding: That this practice was a part of the common law, independent of any statute, and undoubtedly derived itself from necessity. Hence they inferred, that the Supreme Courts in this country, as well as in England, from the nature and object of their appointment, must have a general superintending power over all inferior courts, and offices; to restrain them within their proper bounds, and to oblige them to execute that justice which their duty requires.— Therefore, the right of the Superior Court of this state, to issue a *mandamus*, when necessary to those purposes, was inseparably connected with the appointment; and that it was no argument against it, that the court had never before been called upon to exert that power;— That the clause of the statute referred to, on the other side, could not be intended to abridge the general authority of the court in this case, but respected matters of impeachment only: That to apply to the legislature upon the numberless occasions of this kind, which might occur, would be, to convert it into an executive court. Therefore, that the great question was — whether this case came within the general principles of law, respecting the writ of *mandamus*.— They contended it did: — For that it was against an officer of the highest trust; one who is intrusted with the custody of the titles which he conveys, and to record and authenticate his own — a trust reposed in no other officer in the state.— If he refuse to discharge the duties of his office, there must be a power to compel a specific performance; otherwise, there

would not be an adequate remedy: For a title (which would not be authentic without being registered) might be of ten times greater value than the ability of the register to pay; and if he might defeat it, by refusing to perform the duties of his office, and no other remedy provided than a private suit, there would be a failure of justice, which the law never can intend:— That the application to the court, in this case, was to compel a public officer to perform an act, in favor of an individual, which the duty of his office required: That Hassel's case, 1 Stra. 211, was in point. There a *mandamus* was granted, directed to the justices of the peace for the county of Chester, commanding them to make a rate, to reimburse one Hassel the money he had expended, as surveyor of highways.—And so is Hunt's case, 1 Stran. 94, where a *mandamus* issued, to compel the treasurer of a county to reimburse a constable the extraordinary charges he had been at, in providing carriages, on an expedition into Scotland. Also, 1 Stran. 42. And that many other cases might be cited, where this writ hath issued in favor of an individual, to compel the performance of an official act, which justice required should be done. 3 Black. Com. 110.—Wood's Ins. 564.— That from an examination of the authorities, it would not appear (as was contended on the other side) that this writ could not be extended to a matter of private right: That the idea arose from not carefully considering the distinction between public bodies and private persons: That when it relates to public bodies merely, it is a writ of right, and is issued of course; but when it relates to individuals, or private persons, it is discretionary, and the court will examine into the cause and ground of complaint before the writ is granted. They cited the following authorities: — 3 Bac. Abrid. title

*Mandamus* (A) and (C) — Buller's *Nisi Prius.*— 2 Salkeld, 446, 701.— 1 Sal. 175.    Strange, 555, 1003, 1157, 1180, 697, 1082, 159, 797, 557, 58, 59, 608, 696, 832, 893, 895.— 3 Black. Com. 264.— 4 Black. Com. 434.    2 Black. Rep. 716.— 2 Burrow, 1043, 1197.— 3 Burrow, 1532.— 4 Burrow, 1991.— Durnford, 147.

The court ordered a *mandamus* to issue, returnable the next term.

Note.—At February term, 1788, the *mandamus* was returned; and the court was requested to direct what should be the rule of proceeding, in trying the sufficiency of the return; whether the common law, as it stood before the stat. 9 Anne, or that statute; and the court said, the statute of Anne should be the rule of proceeding.